**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **PROGRESSIVE NORTHERN INSURANCE COMPANY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **G & L TRUCKING, LLC** | )  **Civil Case No.:  3:18-cv-829** |
| | ) |
| **Serve: Registered Agent** | ) |
| **George Quinn** | ) |
| **9501 William Little Drive** | ) |
| **Lakeland, TN  38002** | ) |
| | ) |
| **and** | ) |
| | ) |
| **SHAWN GERSHAW** | ) |
| | ) |
| **Serve: 2502 Glenlea Avenue** | ) |
| **Richmond, VA  23223** | ) |
| | ) |
| **and** | ) |
| | ) |
| **DAIMON MEREDITH** | ) |
| | ) |
| **Serve: 2006 Newbourne Street** | ) |
| **Richmond, VA  23223** | ) |
| | ) |
| **and** | ) |
| | ) |
| **STEVE ELLIOTT** | ) |
| | ) |
| **Serve: 7059 Wesbeam Drive** | ) |
| **Mechanicsville, VA  23111** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**<u>COMPLAINT FOR DECLARATORY JUDGMENT</u>**

Plaintiff Progressive Northern Insurance Company, by counsel, states as follows as its Complaint for Declaratory Judgment against Defendants G & L Trucking, LLC, Sean Gershaw, Daimon Meredith, and Steve Elliott.

## I.      Parties

1.      Plaintiff Progressive Northern Insurance Company ("Progressive") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located in the State of Wisconsin.  Thus, Progressive is a citizen of Wisconsin.

2.      Defendant G & L Trucking, LLC ("GLT") is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located in the State of Tennessee.  Upon information and belief, GLT has two members, both of whom are citizens of the State of Tennessee.  Thus, GLT is a citizen of Tennessee.

3.      Defendant Sean Gershaw is an individual residing in the Commonwealth of Virginia and is a citizen of Virginia.

4.      Defendant Daimon Meredith is an individual residing the Commonwealth of Virginia and is a citizen of Virginia.

5.      Defendant Steve Elliott is an individual residing in the Commonwealth of Virginia and is a citizen of Virginia.

## II.      Jurisdiction and Venue

6.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

7.      The jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Progressive and Defendants GLT, Gershaw,

Meredith, and Elliott and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### III.      Facts

**The Elliott Suit**

9.      On July 27, 2018, Elliott filed the lawsuit styled *Steve Elliott v. CLW Delivery, Inc. and G & L Trucking LLC and Shawn Gershaw and Daimon Meredith*, Case No. CL18003747-00, in the Circuit Court for the City of Richmond, Virginia (the "Elliott Suit").

10.      The Complaint filed in the Elliott Suit alleges that Elliott suffered injuries as the result of an accident on September 16, 2016 while an employee of Lowe's and on the premises of the Lowe's Store located at 6425 Mechanicsville Turnpike, Mechanicsville, Virginia 23111 (the "Accident").

11.      Specifically, the Complaint alleges that "[o]n September 16, 2016, while an invitee on the Premises and while overseeing the loading of Lowes appliances onto a delivery truck in Bay Three of the Loading Dock, Mr. Elliott fell when suddenly and without warning, the Truck parked at Bay Three pulled away from Bay Three, causing the dock bridge on which Mr. Elliott was stepping to collapse, throwing Mr. Elliott to the ground."

12.      The Complaint alleges that both GLT and CLW Delivery, Inc. "owned, managed, controlled and/or maintained the box truck involved in Plaintiff's September 16, 2016 injury (hereinafter the 'Truck')."   The Complaint does not contain any identifying information regarding the Truck, such as the make, model, year, or vehicle identification number.

13.      The Complaint alleges that the Truck was being driven by Gershaw on the date of the Accident and that Gershaw negligently caused the Accident.

14.     The Complaint also alleges that Meredith was a passenger in the Truck on the date of the Accident and that Meredith negligently caused the Accident.

15.     The Complaint alleges that both Gershaw and Meredith were employees of GLT and were acting within the scope of their employment at the time of the Accident.  As a result, the Complaint seeks to hold GLT liable for the Accident.

16.     Progressive did not receive notice of the Accident and/or the Elliott Suit until August 13, 2018 – nearly two years after the Accident occurred.

17.     Progressive is currently defending GLT, Gershaw, and Meredith against the Elliott Suit.

**The Policy**

18.     Progressive issued Commercial Auto Policy No. 03286299-1, effective September 19, 2015 to September 19, 2016, to G&L Trucking LLC (as the named insured) (the "Policy").

19.     Relevant to this Complaint, the Policy contains the following insuring agreement applicable to Section II – Liability Coverage:

**SECTION II – LIABILITY COVERAGE**

A.   **COVERAGE**

**We** will pay all sums an **"insured"** legally must pay as damages because of **"bodily injury"** or **"property damage"** to which this insurance applies, caused by an **"accident"** and resulting from the ownership, maintenance or use of a covered **"auto"**.

**We** have the right and duty to defend any **"suit"** for such damages, even if the **"suit"** is groundless, false or fraudulent.  However, **we** have no duty to defend **"suits"** for **"bodily injury"** or **"property damage"** to which this insurance does not apply.  **We** may investigate and settle any claim or **"suit"** as **we** consider appropriate.  **Our** duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

20.     The Policy also contains the following relevant provisions regarding Who Is An

Insured:

**1.     Who Is An Insured**

The following are **insureds**:

a.     **You** for any covered **auto**.

b.     Anyone else while using with **your** permission a covered **auto you** own, hire or borrow, except:

(1) The owner or anyone else from whom **you** hire or borrow a covered **auto**.  This exception does not apply if the covered **auto** is a trailer connected to a covered **auto you** own.

(2) Your **employee** if the covered **auto** is owned by that **employee** or a member of his or her household.

(3) Someone using a covered **auto** while he or she is working in a business of selling, servicing, repairing, parking or storing **autos** unless that business is **yours**.

(4) Anyone other than **your employees**, partners (if **you** are a partnership), members (if **you** are a limited liability company), or a lessee or borrower or any of their **employees**, while moving property to or from a covered **auto**.

(5) A partner (if **you** are a partnership) or a member (if **you** are a limited liability company) for a covered **auto** owned by him or her or a member of his or her household.

c.     Anyone liable for the conduct of an **insured** described above but only to the extent of that liability.

21.     The Policy provides in relevant part as follows with respect to covered autos:

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the **autos** that are covered **autos** for each of **your** coverages.  The following numerical symbols describe the **autos** that may be covered **autos.**  The symbols entered next to a coverage on the Declarations designate the only **autos** that are covered **autos.**

**A.     DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS**

5

\* \* \*

7 =   SPECIFICALLY DESCRIBED **AUTOS**.   Only those **autos** described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any **trailers you** don't own while attached to any power unit described in Item Three).

**B.    OWNED AUTOS YOU ACQUIRE AFTER THE POLICY BEGINS**

\* \* \*

2.    But, if Symbol 7 is entered next to a coverage in Item Two of the Declarations, an **auto you** acquire will be a covered **auto** for that coverage only if:

a.    **We** already cover all **autos** that **you** own for that coverage or it replaces an **auto you** previously owned that had that coverage; and

b.    **You** tell us within 30 days after you acquire it that **you** want **us** to cover it for that coverage.

**C.    CERTAIN TRAILERS, MOBILE EQUIPMENT AND TEMPORARY SUBSTITUTE AUTOS**

\* \* \*

If Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered **autos** for Liability Coverage:

1.    **Trailers** with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2.    **Mobile equipment** while being carried or towed by a covered **auto**.

3.    Any **auto you** do not own while used with the permission of its owner as a temporary substitute for a covered **auto you** own that is out of service because of its:

a.    Breakdown;
b.    Repair;
c.    Servicing;
d.    **Loss**; or
e.    Destruction.

22.    Item Two of the Declarations of the Policy provides that Symbol 7 applies unless otherwise stated in Item Two.  Item Two of the Declarations of the Policy does not show any covered auto designation symbol for Liability Coverage.  As such, Symbol 7 applies to Liability Coverage.

23.    The Policy also contains the following relevant conditions:

**SECTION IV – BUSINESS AUTO CONDITIONS**
* * *

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

   **We** have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   a.     In the event of **accident**, claim, **suit** or **loss**, **you** must give **us** or our authorized representative prompt notice of the **accident** or **loss**. Include:

        (1)    How, when and where the **accident** or **loss** occurred;

        (2)    The **insured's** name and address; and

        (3)    To the extent possible, the names and addresses of any injured persons and witnesses.

   b.     Additionally, **you** and any other involved **insured** must:
   * * *
        (2)    Immediately send **us** copies of any request, demand, order, notice, summons or legal paper received concerning the claim or **suit.**
   * * *

3. **Legal Action Against Us**

   No one may bring a legal action against us under this Coverage Form until:

   a.    There has been full compliance with all the terms of this Coverage Form; . . .

5. **Other Insurance**

   a.    For any covered **auto you** own, this Coverage Form provides primary insurance.  For any covered **auto you** don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

24.     Further, the Policy provides:

Throughout this policy the words "**you**" and "**your**" refer to the Named Insured shown in the Declarations.

25.     The Policy also contains a Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement (Form F), which provides in relevant part as follows:

It is agreed that:

1.     The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

26.     Further, the Policy contains a Form MCS-90 Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980, which provides in relevant part as follows:

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMSCA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insured (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Section 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.  Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.  It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured.  However, all terms, conditions, and limitation in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company.  The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

## COUNT I – DECLARATORY JUDGMENT

27.     Progressive realleges and reincorporates herein by reference the allegations set forth in the foregoing paragraphs.

28.     An actual controversy exists between Progressive, GLT, Gershaw, Meredith, and Elliott concerning whether GLT, Gershaw, and Meredith are entitled to coverage with respect to the Accident and the Elliott Suit under the Policy.  There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

29.     Progressive seeks a declaration pursuant to 28 U.S.C. § 2201 and § 2202 that GLT, Gershaw, Meredith, and Elliott are not entitled to coverage with respect to the Accident and/or the Elliott Suit under the Policy.

30.     With respect to GLT, Progressive is entitled to this declaratory judgment:

    a.   To the extent that the Truck does not qualify as a covered auto under the Policy.

    b.   To the extent that GLT does not qualify as an insured under the Policy with respect to the Accident and the Elliott Suit;

    c.   Because GLT failed to comply with the Duties In The Event Of Accident, Claim, Suit Or Loss condition of the Policy;

    d.   To the extent that other insurance coverage is available to GLT to satisfy any settlement or judgment with respect to the Accident and/or the Elliott Suit;

    e.   Because Progressive has no obligation to GLT under the Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement (Form F); and

    f.   Because Progressive has no obligation to GLT under the Form MCS-90 Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980.

In the alternative, in the event that the Court determines that Progressive has any obligation to GLT under the Bodily Injury and Property Damage Liability Insurance Endorsement (Form F) and/or the Form MCS-90 Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980, Progressive seeks a declaration that: (1) Progressive has no obligation to defend GLT against the Elliott Suit; and (2) GLT is obligated to reimburse Progressive for any amounts paid on GLT's behalf with respect to the Accident and/or the Elliott Suit.

31. With respect to Gershaw, Progressive is entitled to this declaratory judgment:

a. To the extent that the Truck does not qualify as a covered auto under the Policy.

b. To the extent that Gershaw does not qualify as an insured under the Policy with respect to the Accident and the Elliott Suit;

c. Because Gershaw failed to comply with the Duties In The Event Of Accident, Claim, Suit Or Loss condition of the Policy;

d. Because GLT, as the named insured, failed to comply with the Duties In The Event Of Accident, Claims, Suit Or Loss condition of the Policy;

e. To the extent that other insurance coverage is available to Gershaw to satisfy any settlement or judgment with respect to the Accident and/or the Elliott Suit;

f. Because Progressive has no obligation to Gershaw under the Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement (Form F); and

g. Because Progressive has no obligation to Gershaw under the Form MCS-90 Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980.

32.     With respect to Meredith, Progressive is entitled to this declaratory judgment:

   a.   To the extent that the Truck does not qualify as a covered auto under the Policy.

   b.   To the extent that Meredith does not qualify as an insured under the Policy with respect to the Accident and the Elliott Suit;

   c.   Because Meredith failed to comply with the Duties In The Event Of Accident, Claim, Suit Or Loss condition of the Policy;

   d.   Because GLT, as the named insured, failed to comply with the Duties In The Event Of Accident, Claims, Suit Or Loss condition of the Policy;

   e.   To the extent that other insurance coverage is available to Meredith to satisfy any settlement or judgment with respect to the Accident and/or the Elliott Suit;

   f.   Because Progressive has no obligation to Meredith under the Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement (Form F); and

   g.   Because Progressive has no obligation to Meredith under the Form MCS-90 Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980.

WHEREFORE, Progressive respectfully requests that this Court:

1.     Declare that the Policy does not provide coverage to G & L Trucking, LLC, Shawn Gershaw, and/or Daimon Meredith with respect to the Accident and/or the Elliott Suit; and

2.     Award such other and further relief as this Court deems just and proper.


                                    **PROGRESSIVE   NORTHERN   INSURANCE COMPANY**

**By:**    /s/ Lindsay L. Rollins
**Counsel**

John B. Mumford, Jr. (VSB No.: 38764)
Lindsay Lankford Rollins (VSB No.: 86362)
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
lrollins@hancockdaniel.com
Phone:  (804) 967-9604
Fax:  (804) 967-9888
*Counsel for Progressive Northern*
*Insurance Company*